CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 20, 2026

LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **DANIEL WAYNE ZAWHORODNY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:24CV00888 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **CHADWICK DOTSON,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Daniel Wayne Zawhorodny, Pro Se Petitioner; Craig W. Stallard, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent Chadwick Dotson.*

The petitioner, a Virginia inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2015 convictions in the Circuit Court for the County of Augusta, Virginia for entering a bank with intent to commit larceny while armed with a deadly weapon and armed robbery by use of a firearm.  This matter is currently before me on the respondent's Motion to Dismiss and Rule 5 Answer.  Upon review, I conclude that the respondent's Motion must be granted and the Petition must be dismissed.

## I.   BACKGROUND.

In July 2013, a man later identified by bank staff as Zawhorodny entered a bank in Fisherville, Virginia and ordered the teller to give him money, threatening, "don't make me use this," as he reached toward his waistband.  Mem. Supp. Mot.

Dismiss, Attach. at 85, Dkt. No. 9-1.  After the teller surrendered the money, the man placed it in a plastic bag and left in what appeared to be a blue Subaru.  Despite authorities having never found the money, vehicle, or other physical evidence at the scene, a jury found Zawhorodny guilty for charges of entering a bank with intent to commit larceny while armed with a deadly weapon and armed robbery by use of a firearm.  Notably, the Commonwealth's case relied, in part, upon testimony of Gregory Cook, an informant who divulged a conversation that he had with Zawhorodny in jail.  According to Cook, Zawhorodny told him that he had been arrested because he "made a move" on a bank, and that he wished Cook had bought a gun from him on a prior occasion because then he would not be "in the shape" he was presently.  *Id.* at 91, Dkt. No. 9-1.  Along with this evidence, the Commonwealth also presented eyewitness testimony from the bank tellers.  Following the jury's verdict, the trial court sentenced him to 25 years in prison and entered its judgment on February 27, 2015.

Zawhorodny appealed his conviction to the Court of Appeals of Virginia in June 2015.  The Court of Appeals of Virginia denied the appeal on October 19, 2015, finding no error in the issues Zawhorodny raised with the proceedings in trial court. Zawhorodny then demanded a three-judge panel to consider the matter.  By Order dated December 14, 2015, the panel determined that the petition for appeal was properly denied.  Zawhorodny then appealed to the Virginia Supreme Court on

January 14, 2016.  Upon its review of the record and briefing submitted, the Supreme

Court of Virginia refused the petition for appeal by a Panel Order dated December

6, 2016.

Almost a year later, on November 8, 2017, Zawhorodny filed a habeas corpus

petition in this court related to the same underlying conviction.  At that time, I

determined that Zawhorodny had not exhausted his state court remedies because he

had not presented his habeas claims to state courts and dismissed the petition without

prejudice.  *See Zawhorodny v. Kiser*, No. 7:17CV00506 (W.D. Va. Nov. 13, 2017).

Thereafter, on February 5, 2018, Zawhorodny filed a petition for writ of

habeas corpus in the Supreme Court of Virginia.  The Supreme Court of Virginia

dismissed the petition on March 27, 2018, concluding that it was not timely filed.

Zawhorodny sought reconsideration, which the Supreme Court of Virginia denied

on May 10, 2018.

Now, over six years later, Zawhorodny submits the present Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court.  Although the Clerk

received the Petition on December 19, 2024, it is unclear when the Petition was

drafted because there is no dated signature.[1]  Considering a scanned envelope

---

[1] Under the prison mailbox rule, a pro se prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court based on the assumption that the prisoner does so on the date he or she signs the pleading.  *See Moss v. Booth*, No. 7:23-cv-00112, 2025 WL 1370824, at *2 (W.D. Va. May 12, 2025) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)).

included with the Petition as well as Zawhorodny's Response to the Motion to Dismiss, it appears that the Petition was drafted by the Innocence Project at the University of Virginia School of Law and mailed to Zawhorodny in August 2023. According to Zawhorodny, "the petitioner's relationship with them faltered as arguments arose over their refusal to address corruption involved in petitioner's case." Pet'r Resp. Mot. Dismiss 3, Dkt. No. 16. Therefore, he is currently proceeding without representation.

At the outset of the instant Petition, Zawhorodny insists that the court can review it because it is not a second or successive filing[2] and, although it is procedurally defaulted, Zawhorodny can demonstrate that he is actually innocent under the *Schlup v. Delo*, 513 U.S. 298 (1995) doctrine given newly discovered evidence regarding the Commonwealth's witness, Cook. The Petition then lays out the following three grounds for relief:

> CLAIM 1: THE COMMONWEALTH KNOWINGLY ALLOWED A CRUCIAL WITNESS TO PRESENT FALSE TESTIMONY IN VIOLATION OF NAPUE V. ILLINOIS.
>
> CLAIM II: THE COMMONWEALTH FAILED TO DISCLOSE EXCULPATORY EVIDENCE IN VIOLATION OF BRADY V. MARYLAND.
> . . . .

---

[2] The respondent does not appear to contest that Zawhorodny's petition is not second or successive. Indeed, his previous federal habeas filing was dismissed for failure to exhaust state remedies, a reason for which the Fourth Circuit has concluded is "not counted in determining whether a later motion is 'second or successive'" under 28 U.S.C. § 2244(b). *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999).

CLAIM III: MR. ZAWHORODNY'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT.

Pet. 2, Dkt. No. 1. The respondent has filed the subject Motion to Dismiss and Rule 5 Answer, arguing that the Petition's defaults are not excused under *Schlup*. Zawhorodny has submitted a pro se Response, and the matter is ripe for consideration.

## II.    APPLICABLE STANDARD.

Section 2254 permits certain challenges to state court convictions and sentences, and the Supreme Court of the United States has adopted rules governing such cases. Rule 5, which, in part, governs the habeas respondent's answer to a § 2254 petition, relevantly dictates that an answer "must state whether any claim in the petition is barred by . . . a statute of limitations," and must include available records from the underlying proceedings. Rules Governing § 2254 Cases in U.S. Dist. Ct. 5(b) & (c).

"In proceedings under § 2254, the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). Thus, in considering a motion to dismiss a habeas petition, it must be determined whether the petitioner has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In making such assessment, courts must consider "the face of the petition and any attached exhibits."

*Walker*, 589 F.3d at 139 (quoting *Wolfe v. Johnson,* 565 F.3d 140, 169 (4th Cir. 2009)).  Reading the foregoing together with Rule 5, courts may consider "material from the record of the state habeas proceeding . . . without having to convert the Rule 12(b)(6) motion to one for summary judgment under Rule 56(b)."  *Id.* Furthermore, matters of public record may also be considered for purposes of a § 2254 motion to dismiss.  *See id.*

### III.   DISCUSSION.

Zawhorodny admits that he has not raised the habeas claims asserted in the instant Petition in state court and that he is time-barred from being able to do so under Va. Code § 8.01-654(A)(2).[3] He further admits that the current § 2254 Petition is likewise untimely filed under 28 U.S.C. § 2244(d)(1).[4]  In fact, the record

---

[3] Virginia Code § 8.01-654(A)(2) provides as follows:

A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

[4] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

-6-

demonstrates as such.  However, he contends that despite these procedural defaults, the court can review his petition under *Schlup* because he has met the "actual innocence" exception described by Supreme Court.  I disagree.

It is true that *Schlup* recognizes an actual innocence exception to certain procedural bars to habeas review and such exception has since been extended to provide relief from the statutory limitation period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  To state a miscarriage of justice sufficient to excuse a procedural default under *Schlup*, a petitioner must present new, reliable evidence not presented at trial and show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 324, 327. However, this exception applies in limited circumstances and is "extremely rare." *Id.* at 299.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish

---

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316. A claim of actual innocence based on newly discovered evidence is not in itself a constitutional claim or a ground for habeas relief. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Rather, proof of actual innocence serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred, constitutional claims considered on the merits." *Id.*

Zawhorodny alleges that there has been newly discovered evidence that would serve as a basis for the actual innocence exception. Specifically, the new evidence he references is information regarding witness Cook and his criminal record, which reveals prior instances of offering false testimony and charges for crimes related to his truthfulness, including a misdemeanor charge for making false statements to a criminal investigator and a felony charge for witness tampering. Zawhorodny asserts that, although this information was available at the time of trial, it was not disclosed by the Commonwealth to his defense counsel, and if his counsel could have used this evidence to impeach Cook, the rest of the case would have collapsed.

While this evidence is concerning, Zawhorodny's Petition still fails on timeliness. If a petitioner alleges newly discovered evidence, "the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *McQuiggin*, 569 U.S. at 388–89 (quoting § 2244(d)(1)(D)). Zawhorodny states that

the evidence regarding Cook and its effect on the truthfulness of his testimony at trial "came to light in 2018." Pet. 15, Dkt. No. 1. Zawhorodny makes no attempt to explain why he did not submit the Petition until December 2024, despite this information being available years prior. *See McQuiggin*, 569 U.S. at 399 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."). Although Zawhorodny asserts in his Response to the respondent's Motion to Dismiss that he has exercised due diligence, he does not provide any basis on which he makes such a conclusory remark. *See e.g.*, *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (determining that a habeas petitioner's conclusory statement that he "diligently pursued his rights and remedies" did not establish due diligence absent specificity as to the steps taken to diligently pursue his federal habeas claims).

Even if he did demonstrate due diligence, "latter day evidence brought forward to impeach a prosecution witness will seldom, if ever," show that no reasonable juror would have convicted him in the light of the new evidence. *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("We emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence . . . ."); *see also Bousley v. U.S.*, 523 U.S. 614, 615 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency."). Just as the Court in *Sawyer* determined that new evidence used for impeachment purposes does not alone satisfy the

petitioner's burden, I conclude the same here, particularly where there was unimpeached eyewitness testimony presented at trial. *See In re Williams*, 330 F.3d 277, 283–84 (4th Cir. 2003) (analyzing new impeachment evidence under *Sawyer* in the context of a procedurally barred § 2254 habeas petition and determining that evidence used for impeachment did not outweigh unimpeached eyewitness testimony); *see also Munchinski v. Wilson*, 694 F.3d 308, 335 (3d Cir. 2012) (considering that "mere impeachment evidence is not generally sufficient to show actual innocence").

Therefore, Zawhorodny has not demonstrated that he meets the exception under *Schlup* in order to pass through the gateway to have the merits of his habeas claims considered. Accordingly, the Petition must be dismissed based on its procedural defaults.

## IV.    CONCLUSION.

Based on the foregoing, the respondent's Motion to Dismiss and Rule 5 Answer, Dkt. No. 8, will be granted and Zawhorodny's Petition, Dkt. No. 1, will be dismissed.

A separate Judgment will be entered herewith.

ENTER:   March 20, 2026

/s/  JAMES P. JONES
Senior United States District Judge

-10-